By the Court.
Sedgwick, Ch. J.
The action was against the defendant as maker of the promissory notes payable to plaintiff on which the action was brought. The judge ordered that the exceptions of the defendant to the direction to the jury to find for the plaintiff, etc., be heard in first instance at the general term.
The counsel for defendant places his right to go to the jury, on an argument that the jury might have found that the following were facts : The husband of the plaintiff and the defendant were partners in business. They were bound to contribute equally to the capital of the business. The defendant having contributed much more than the plaintiff’s husband, required of the latter that he should put in further money. The plaintiff’s husband brought to the defendant $600. The defendant took the money, credited his partner with it, and applied it to the purposes of the business. Within two days thereafter, the defendant gave to the husband of plaintiff $100 for her use, and within two days again, the husband brought the notes in suit, asking the defendant to sign them. The defendant at first refused, but did sign them, upon the husband saying that he only wanted them to show his wife, as evidence that he had put money in, and that the defendant should never hear from them.
Some averments of the answer should be given in connection with this statement of ■ facts. ■ The answer shows that what the defendant called the money, was in fact two drafts of $300 each, which the husband handed to the defendant and which the defendant collected ; also the husband, at the time he handed the drafts to the defendant, told him that the moneys represented by the drafts were the moneys of his wife, and that he wanted to furnish his wife with some acknowledgment that the money had come into the hands of the defendant, and thereupon the notes were made.
The true rendering of these circumstances is, that- the wife furnished money to her husband to be by him inyes *455 ted in the business, provided that the defendant would promise and give his note to pay her the money she advanced to her husband, which he did, the husband assuring him at the time that he would never be called to pay the notes, as he, the husband, would himself pay the wife. The defendant says that when he accepted from the husband the drafts and collected them, he did so upon the faith of his understanding that they were the moneys of the plaintiff, advanced by her to her husband, and on his credit, for use in the business, and not in any sense as money loaned upon defendant’s credit, or for his benefit. Whatever may have been his understanding and faith, the fact was that he made the promise to the wife as the kind of acknowledgment that she required. If he had not promised, the husband, it must be presumed, would have returned the drafts to his wife. It was for the personal interest of the defendant that the money should go into the business. The money was' as truly advanced to him as it was to the husband, when it was advanced tó the latter on condition that the defendant should acknowledge its receipt, he voluntarily putting that acknowledgment in the form of a, promissory note to the plaintiff. The placing of the money in the firm’s business was so beneficial to the defendant, that it would be a consideration for his individual promise to repay ; or the parting of the plaintiff with her money on condition that the defendant should give his promissory note, was consideration.
The first request made was to go to the jury, on the question whether the notes in suit were ever delivered to the plaintiff by the defendant, so as to take effect against him. This was correctly refused, because if there were consideration, the notes were delivered to the plaintiff’s husband for the plaintiff.
The next request concerned the question as-to whether the notes were founded upon any valuable consideration moving from her. The facts in the case show that there was such a consideration.
The last request was to go to the jury on the question *456 whether the notes had not been paid. The answer did not set up a payment to the plaintiff.
The defendant did not request to go to the jury, on any other issue.
The exceptions of defendant are overruled, the motion for a new trial denied, and judgment for plaintiff on the verdict ordered, with costs.
Truax and O’Gorman, JJ., concurred.